UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KENT SCOTT                                    CIVIL ACTION

VERSUS                                        NO. 10-623

AMERICAN SECURITY INSURANCE               SECTION "C" (4)
COMPANY

<u>ORDER AND REASONS</u>

This matter comes before the Court on the issue of subject matter jurisdiction.

Having considered the record, the memoranda of counsel and the law, the Court

dismisses for lack of subject matter jurisdiction for the following reasons.

The plaintiff in this severed Katrina matter claims breach of contract and breach

of implied covenant of good faith and fair dealing under La.Rev.Stat. §§ 22:658 and

1220. The plaintiff alleges in the amended complaint against his homeowner's insurer

that  jurisdiction exists on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a).

The Court ordered memoranda directed to the issue of its subject matter jurisdiction.

With regard to the existence of the jurisdictional minimum, the parties may

neither consent to nor waive federal subject matter jurisdiction.  <u>Simon v. Wal-Mart</u>

<u>Stores, Inc.</u>, 193 F.3d 848 (5th Cir. 1999).   "The court's obligation to determine that the

requisite jurisdictional amount is present is independent of the parties' assertions or

desires." Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, 14AA *Fed. Practice & Procedure* 3702 (West). Here, the plaintiff bears the burden of establishing subject matter jurisdiction by showing that it does not appear to a legal certainty that the claim for relief is for less than the statutorily prescribed jurisdictional amount of $75,000. *Id.*; *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938). "[T]he plaintiff must demonstrate that there is a *possibility* of recovering more than the jurisdictional minimum, and must do so by a preponderance of the evidence supported by competent proof." James Wm. Moore,15 *Moore's Federal Practice* §102.107[1] (Lexis 2009)(emphasis original). [1]

The plaintiff argues in response to the Court's order that jurisdiction exists under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)("CAFA")[2] and diversity jurisdiction. A quick review of the supporting documentation reveals both that the total damages sustained were approximately $59,800 or $49,600, with an alleged outstanding

---

[1]The Court is mindful that in general under Louisiana law, the insured must show coverage under the policy, at which point the insurer bears the burden of demonstrating that the damage is excluded. *Dickerson v. Lexington Insurance Co.*, 556 F.3d 290, 295 (5th Cir. 2009). An insured is not entitle to double recover a combined recovery under homeowners and flood policies in excess of the actual loss. *Bradley v. Allstate Insurance Co.*, ___ F.3d ___, 2010 WL 1839442 (5th Cir.); *Lambert v. State Farm Fire & Casualty Insurance Co*, 2008 WL 2080907 (E.D.La.) .

[2] Section 1332(d)(2)(A) allows for original jurisdiction where the amount in controversy exceeds $5,000,000 in class actions in which "any member of a class of plaintiffs is a citizen of a State different from any defendant."

"deficiency" of $39,000 as of May 2007, based on an apparent assumption that the policy limits were higher than they are.   A review of the memoranda reveals that the total policy limits of $44,000, and that payments in the approximate amount of either $10,000 or $21,000 had been paid.   Ordinarily, policy limits do not determine the amount in controversy, unless the value of the claim exceeds the value of the policy.   *Hartford Insurance Group v. Lou-Con, Inc.*, 293 F.3d 908, 911 (5th Cir. 2002).   Here, the figures fall short of the jurisdictional minimum necessary for diversity jurisdiction under Section 1332(a) no matter how they are viewed.[3]

The plaintiff's argument that jurisdiction exists under CAFA is ill-founded.   The case from which this matter was severed, *Adams v. American Security Insurance Co.*, Civ. Act. No. 09-2609 "K" was also based on diversity jurisdiction under Section 1332(a), not CAFA.   In addition, the claims from which the *Adams* claims were severed, *Abadie v. Aegis Security Insurance Co.*, Civ. Act. 06-5164 "K" and *Abadie v. Aegis Security Insurance Co.*, 07-5112 "K" were declared misjoined.   *In re Katrina Canal Breaches Consolidated Litigation,* Civ. Act. No.  05-4182 "K", Rec. Docs.  17017, 19561.   The plaintiff does not and can not argue that any order recognized previous joined claims as properly joined

---

[3]The claim for statutory penalties is speculative for purposes of determining the jurisdictional minimum.   Facts indicating the propriety of such penalties must be presented.   *Magee v. American Security Insurance*, 2009 WL 1707920 (E.D.La.); *Schaeffer v. Allstate Insurance Co.*, 2008 WL 4058867 (E.D.La.).

under CAFA or otherwise.  In addition, no class relevant to the instant claims has ever

been recognized under CAFA or otherwise in the history of the expanded litigation

from which these claims were severed.   Any class action has been dismissed, and "a

severed action must have an independent jurisdictional basis."  *Honeywell International*

*Inc. v. Phillips Petroleum Co*, 415 F.3d 429, 432 (5th Cir. 2005).   See also *Washington v.*

*American Security Insurance Co.*, Civ. Act. 10-685 "S", Rec. Doc. 8.

      Sufficient opportunity has been provided to file in state court.

      Accordingly,

      IT IS ORDERED that this matter be and hereby is DISMISSED for lack of subject

matter jurisdiction.

      New Orleans, Louisiana, this 30th day of   June, 2010.

                        HELEN G. BERRIGAN
                        UNITED STATES DISTRICT JUDGE